

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        - v. -

DONNA TILLMAN,
   a/k/a "Donna Richards,"

        Defendant.

- - - - - - - - - - - - - - - - - - - - x

SEALED INDICTMENT

07 Cr.

07 CRIM 1209

JUDGE SWAIN

### COUNT ONE

**(Bank Fraud Conspiracy)**

The Grand Jury charges:

**Relevant Persons and Entities**

1.  At all times relevant to this Indictment, DONNA TILLMAN, a/k/a "Donna Richards," the defendant, had a close personal relationship with Toybe Bennett, a/k/a "Dmitriy Makarevich," a/k/a "Dmitriy Makervish," a/k/a "Eduardo Rodrigues," a/k/a "Cecilio Pena" ("Bennett"), a co-conspirator not charged as a defendant herein.

2.  At all times relevant to this Indictment, Bennett was a close personal friend of Douglas Shyne ("Shyne") and Natasha Singh ("Singh"), co-conspirators not charged as defendants herein.  DONNA TILLMAN, a/k/a "Donna Richards," the defendant, was an acquaintance of Shyne and Singh, and Shyne and Singh had a close personal relationship, and jointly owned certain businesses, including Douglas New York Five Star Coffee.

3.  At all times relevant to this Indictment, Douglas

New York Five Star Coffee, a shell corporation used to launder the proceeds of the conspirators' fraudulent activity, maintained a business address of 244 Fifth Avenue in New York, New York.

### The Fraudulent Checks Scheme

4.   At all times relevant to this Indictment, Douglas Shyne and Natasha Singh were in the business of procuring stolen, altered, and/or counterfeit checks.  Shyne and Singh also arranged for such checks to be cashed by, among other means, arranging for their deposit into the bank accounts of their friends, relatives, and associates, who then, in turn, funneled proceeds of such checks back to Shyne and Singh, minus a commission.

5.   At all times relevant to this Indictment, Bennett assisted Shyne and Singh by, among other things, finding individuals who were willing to deposit stolen, altered and/or counterfeit checks into their accounts, and arranging for the funneling of proceeds back to Shyne and Singh, minus Bennett's commission and the commissions of the depositing individuals.

6.   From at least in or about December 2002 through in or about August 2005, Shyne, Singh, Bennett, and their co-conspirators stole, altered and/or counterfeited at least approximately thirty checks, in the total aggregate amount of well over approximately six million dollars.

7.   As set forth below, DONNA TILLMAN, a/k/a "Donna

Richards," the defendant, was one of the conspirators through whom Shyne, Singh, Bennett and their co-conspirators deposited, cashed, and laundered unlawfully obtained funds.

      8.  In or about March 2004, a check in the amount of approximately $775,000, drawn on a Wachovia Bank account, was stolen in New York, New York (the "Stolen $775,000 Check").

      9.  On or about March 12, 2004, Bennett deposited the Stolen $775,000 Check into a Morgan Stanley investment account at Bank One (which was later acquired by JPMorgan Chase Bank), using the alias of "Dmitriy Makarevich" and/or "Dmitriy Makervish" (the "Morgan Stanley Account").

      10.  From on or about April 16, 2004 through on or about August 18, 2004, the conspirators issued and caused to be issued at least approximately twenty-one checks, drawn on the Morgan Stanley Account, in the total aggregate amount of at least approximately $758,327.  Certain of these checks were used to purchase high-end vehicles, art, and jewelry; other checks were made out to various individuals, including individuals related to Shyne, Singh, and Bennett.  In turn, these individuals kept commissions for themselves, and issued checks to Douglas New York Five Star Coffee.

      11.  On or about April 22, 2004, Bennett, using the alias "Dimitriy Makarevich" and funds from the Morgan Stanley Account, purchased a high-end vehicle from a Florida-based automobile dealership called Euro Motor Sports for approximately

$90,000. On or about June 2, 2004, Bennett sold this same vehicle back to Euro Motor Sports for approximately $75,000. In connection with that sale, Bennett (again posing as "Dimitriy Makarevich"), provided wiring instructions to Euro Motor Sports. Specifically, on or about June 2, 2004, Bennett instructed Euro Motor Sports to wire transfer $75,000 to DONNA TILLMAN, a/k/a "Donna Richards," the defendant (the "$75,000 Wire Transfer"), at an account maintained by TILLMAN at Washington Mutual Bank, over which she had sole signatory authority (the "WaMu Account"). On or about June 4, 2004, the $75,000 Wire Transfer was made to the WaMu Account.

12. Just prior to the $75,000 Wire Transfer, on or about June 4, 2004, the balance in the WaMu Account was minimal. Immediately following the $75,000 Wire Transfer, DONNA TILLMAN, a/k/a "Donna Richards," the defendant, began making large debit card purchases and writing large checks drawn on the WaMu Account until, within approximately one month of the $75,000 Wire Transfer, the money from that wire transfer was withdrawn from the WaMu Account.

13. On or about June 8, 2004, DONNA TILLMAN, a/k/a "Donna Richards," the defendant, appeared in person at a Washington Mutual Bank branch, and withdrew approximately $43,530 from the WaMu Account; of that amount, TILLMAN withdrew approximately $5,000 in cash and caused Washington Mutual Bank to issue two official bank checks. One of those official bank

4

checks, in the amount of approximately $3,520, was made out to a furniture store where TILLMAN had previously made purchases, and the other official bank check, in the amount of approximately $35,000, was made out to "Douglas NY Five Star Coffee," and was subsequently deposited into a business account at Fleet Bank. On or about June 29, 2004, TILLMAN issued a check drawn on the WaMu Account, in the amount of approximately $1,700 and made out to Douglas N.Y. Five Star Coffee, which subsequently was deposited into a business account at Fleet Bank. In addition, following the $75,000 Wire Transfer, TILLMAN made numerous debit card purchases in Manhattan, using the WaMU Account.

### **Statutory Allegations**

14. From in or about March 2004 through in or about July 2004, in the Southern District of New York and elsewhere, DONNA TILLMAN, a/k/a "Donna Richards," the defendant, together with others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1344.

15. It was a part and an object of the conspiracy that DONNA TILLMAN, a/k/a "Donna Richards," the defendant, together with others known and unknown, unlawfully, willfully, and knowingly, would and did execute, and attempt to execute, a scheme and artifice to defraud financial institutions, the

deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, said financial institutions, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

**OVERT ACTS**

16.   In furtherance of the conspiracy and to effect the illegal object thereof, DONNA TILLMAN, a/k/a "Donna Richards," the defendant, together with others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

   a.   On or about June 4, 2004, Bennett, a co-conspirator not charged as a defendant herein, caused the $75,000 Wire Transfer to be sent to TILLMAN's WaMu Account.

   b.   On or about June 8, 2004, DONNA TILLMAN withdrew approximately $43,530 in cash and checks from the WaMu Account.

   c.   In or about June 2004, in New York, New York, DONNA TILLMAN made numerous purchases using the proceeds of the $75,000 Wire Transfer.

   (Title 18, United States Code, Section 1349.)

## COUNT TWO

### (Bank Fraud)

The Grand Jury further charges:

17. The allegations set forth in paragraphs 1 through 13 and 16 are repeated and realleged as if set forth fully herein.

18. From in or about March 2004 through in or about July 2004, in the Southern District of New York and elsewhere, DONNA TILLMAN, a/k/a "Donna Richards," the defendant, unlawfully, willfully, and knowingly, did execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, said financial institutions, by means of false and fraudulent pretenses, representations, and promises, to wit, TILLMAN aided and abetted Bennett in defrauding Bank One (now JPMorgan Chase) by using her WaMu Account for the wire transfer of proceeds from a stolen check, drawn on a Bank One Account.

(Title 18, United States Code, Sections 1344 and 2.)

## COUNT THREE

### (Money Laundering Conspiracy)

The Grand Jury further charges:

19. The allegations set forth in paragraphs 1 through

7

13 are repeated and realleged as if set forth fully herein.

20.  From in or about March 2004 through in or about July 2004, in the Southern District of New York and elsewhere, DONNA TILLMAN, a/k/a "Donna Richards," the defendant, together with others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957(a).

21.  It was a part and an object of the conspiracy that DONNA TILLMAN, a/k/a "Donna Richards," the defendant, together with others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct such financial transactions, affecting interstate and foreign commerce, which in fact involved proceeds of specified unlawful activity, to wit, bank fraud, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

22.  It was further a part and an object of the conspiracy that DONNA TILLMAN, a/k/a "Donna Richards," the defendant, together with others known and unknown, in the United States, unlawfully, willfully, and knowingly would and did engage

and attempt to engage in monetary transactions in and affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, to wit, bank fraud, in violation of Title 18, United States Code, Section 1957(a).

### OVERT ACTS

23. In furtherance of the conspiracy and to effect the illegal objects thereof, DONNA TILLMAN, a/k/a "Donna Richards," the defendant, together with others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

    a. On or about June 4, 2004, Bennett, a co-conspirator not charged as a defendant herein, caused the $75,000 Wire Transfer to be sent to TILLMAN's WaMu Account.

    b. On or about June 8, 2004, DONNA TILLMAN withdrew approximately $43,530 in cash and checks from the WaMu Account.

    c. In or about June 2004, in New York, New York, DONNA TILLMAN made numerous purchases using the proceeds of the $75,000 Wire Transfer.

(Title 18, United States Code, Section 1956(h).)

### COUNT FOUR

### (Money Laundering)

The Grand Jury further charges:

24. The allegations set forth in paragraphs 1 through

9

13 and 23 are repeated and realleged as if set forth fully herein.

25. From in or about March 2004 through in or about July 2004, in the Southern District of New York and elsewhere, DONNA TILLMAN, a/k/a "Donna Richards," the defendant, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did conduct and attempt to conduct such financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, to wit, bank fraud, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

## COUNT FIVE

**(Monetary Transactions in Property
Derived From Specified Unlawful Activity)**

The Grand Jury further charges:

26. The allegations set forth in paragraphs 1 through 13 and 23 are repeated and realleged as if set forth fully herein.

27. From in or about March 2004 through in or about July 2004, in the Southern District of New York and elsewhere, DONNA TILLMAN, a/k/a "Donna Richards," the defendant, in the

United States, unlawfully, willfully, and knowingly did engage and attempt to engage in monetary transactions in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, to wit, bank fraud.

(Title 18, United States Code, Sections 1957(a) and 2.)

_/s/ Keith Miller_
FOREPERSON

_/s/ Michael J. Garcia_
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

- v. -

DONNA TILLMAN,
a/k/a "Donna Richards,"

Defendant.

**INDICTMENT**

07 Cr.

(Title 18, United States Code, Sections 2, 1344, 1349, 1956(a)(1)(B)(i), 1957(a), 1956(h).)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
Foreperson.